**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DUNN & BLACK, P.S.,
              *Plaintiff-Appellant,*

       and

FIDELITY DEPOSIT COMPANY OF
MARYLAND, a Maryland
corporation; AMERICAN GUARANTY
& LIABILITY INSURANCE COMPANY, a
New York corporation,
              *Intervenors,*

       v.

UNITED STATES OF AMERICA,
              *Defendant-Appellee,*

       and

ENVIRONMENTAL RECLAMATION INC.,
an Idaho corporation,
              *Defendant.*

No. 05-35766

D.C. No.
CV-04-00229-LRS

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted
March 6, 2007—Seattle, Washington

Filed July 11, 2007

Before: Diarmuid F. O'Scannlain, A. Wallace Tashima, and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge O'Scannlain

8269

**COUNSEL**

Michael R. Tucker, Dunn & Black, P.S., Spokane, Washington, argued the cause for the plaintiff-appellant and filed a brief; Richard D. Campbell, Robert A. Dunn, and Ryan D. Yahne, Dunn & Black, P.S., Spokane, Washington, were on the briefs.

Curtis C. Pett, Tax Division, U.S. Department of Justice, Washington, DC, argued the cause for the defendant-appellee, and filed briefs; James A. McDevitt, U.S. Attorney, Eileen J. O'Connor, Assistant Attorney General, and Thomas J. Clark, Tax Division, U.S. Department of Justice, were on the briefs.

**OPINION**

O'SCANNLAIN, Circuit Judge:

We must decide whether a law firm can bring an action against the United States to recover attorney's fees from monies that its client was awarded as a result of a settlement with the Federal Highway Administration, but never received because the Internal Revenue Service requested that payment be withheld to offset unpaid tax liabilities.

I

The United States, through the Western Federal Lands Highway Division of the Federal Highway Administration ("FHWA"), contracted with Environmental Reclamation, Inc. ("ERI") to work on the Warren Profile Gap Road Project ("Project") in south central Idaho. After the government ter-

minated the contract for default, ERI engaged the law firm Dunn & Black, P.S. ("Dunn & Black") to file an action in the Court of Federal Claims to recover $1,724,296 in damages for wrongful termination of the contract. The government asserted a counterclaim for reprocurement costs in the amount of $948,168.82.

Until November 20, 2002, Dunn & Black represented ERI at an hourly rate on matters concerning the Project. At that time, ERI owed Dunn & Black $137,682.33 for legal services rendered on the Project and other legal matters. On November 20, Dunn & Black renegotiated its hourly fee agreement with ERI, changing it to a contingency fee arrangement, which provided that Dunn & Black "shall be entitled to the first $137,682.33 of any recovery from any claims related to the Project, . . . for [ERI's] debt on this and other matters." The agreement further provided that Dunn & Black shall receive compensation for "its future services regarding the claims arising out of the Project" in the amount of 50% of any remaining recovery. ERI remained responsible for all litigation costs.

On March 30, 2004, the FHWA, without admitting liability, settled the dispute with ERI, stipulating to entry of judgment in favor of ERI for $450,000. On April 5, 2004, the Court of Federal Claims entered a judgment against the government in the amount of $450,000. Upon learning of the judgment, the Internal Revenue Service ("IRS"), requested that the Secretary of the Treasury withhold payment of the judgment for setoff against ERI's unpaid tax liabilities. On May 5, 2004, the government informed Dunn & Black that the IRS would be making claims to the settlement funds as an intended offset of the entire amount of the judgment based on an unrelated tax debt purportedly owed by ERI. On the same day, Dunn & Black served the government with a notice of attorney's lien. On May 7, 2004, ERI terminated its attorney-client relationship with Dunn & Black without paying any fees owed.

On June 3, 2004, the United States filed a civil action in the district court to reduce ERI's federal tax assessments to judgment. The government originally demanded $988,000 in unpaid tax assessments, but amended the complaint to demand only $567,304.85 for unpaid federal employment and unemployment tax liabilities plus interest and certain penalties. The district court entered judgment in the amount of $609,079.96, upon the government's motion for default judgment against ERI.

On June 30, 2004, Dunn & Black commenced the instant action by filing a complaint for declaratory judgment in district court against the United States and ERI. Dunn & Black requested that the district court declare that its fees in the amount of $361,037.20 were reasonable for the legal services rendered. Furthermore, Dunn & Black requested that the district court declare its attorney's lien superior to all subsequent liens, claims, and interest in and to the judgment. Alternatively, Dunn & Black requested that the district court declare that the government's setoff constituted unjust enrichment without fairly compensating the firm for services in creating the judgment fund. Lastly, Dunn & Black requested that the district court declare that the government's setoff was a violation of a property interest in the contingent fee and therefore an unlawful property taking without compensation and a violation of due process. The government asserted in its answer that ERI owed the IRS $987,839.84 as of April 30, 2004.

Dunn & Black filed a motion for summary judgment. The district court entered an order and judgment in favor of the government. *See Dunn & Black, P.S. v. United States*, 366 F. Supp. 2d 1008 (E.D. Wash. 2005). The district court first held that it had jurisdiction over Dunn & Black's claim pursuant to 28 U.S.C. § 1346(a)(1). *Dunn & Black*, 366 F. Supp. 2d at 1022-23. Furthermore, the district court denied Dunn & Black's motion for summary judgment and held that the government's claim of setoff in the amount of $450,000 was

appropriate pursuant to 31 U.S.C. § 3728. *Dunn & Black*, 366 F. Supp. 2d at 1032-36.

Dunn & Black timely appealed.[1]

## II

As a threshold matter, the government contends that the district court lacked subject matter jurisdiction because Dunn & Black's claim is barred by the doctrine of sovereign immunity, which, of course, "is an important limitation on the subject matter jurisdiction of federal courts."[2] *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

[1] "It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. Such waiver cannot be implied, but must be unequivocally expressed. Where a suit has not been consented to by the United States, dismissal of the action is required . . . . [because] the existence of such consent is a prerequisite for jurisdiction." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (internal quotation marks and citations omitted). The Supreme Court has "frequently held . . . that a waiver of sovereign immunity is

---

[1]On September 16, 2004, the district court allowed Fidelity and Deposit Company of Maryland, and American Guaranty & Liability Insurance Company, ERI's judgment creditors, to intervene. The intervenors filed a motion for declaratory judgment and an alternative motion for a stay of Dunn & Black's motion for summary judgment under Fed. R. Civ. P. 56(f). The district court denied the motion for declaratory judgment and dismissed the alternative motion for a stay of Dunn & Black's motion as moot. *Dunn & Black*, 366 F. Supp. 2d at 1035-36. Neither intervenor appealed the district court's order.

[2]"Sovereign immunity and subject matter jurisdiction are distinct doctrines." *Wilkerson v. United States*, 67 F.3d 112, 119 n.13 (5th Cir. 1995). "In an action against the United States, in addition to statutory authority granting subject matter jurisdiction, there must be a waiver of sovereign immunity." *Arford v. United States*, 934 F.2d 229, 231 (9th Cir. 1991).

to be strictly construed, in terms of its scope, in favor of the sovereign." *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999).

Unless Dunn & Black satisfies the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress, it must be dismissed. *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986). Dunn & Black invokes 28 U.S.C. § 1346(a)(1) and 28 U.S.C. § 2410 as the basis of waiver of sovereign immunity in this case.[3] The district court concluded that jurisdiction was proper pursuant to § 1346(a)(1), and proceeded to the merits. *Dunn & Black*, 366 F. Supp. 2d at 1023. We consider each provision in turn.

---

[3]Dunn & Black also cites 28 U.S.C. §§ 1331 & 1367 for jurisdiction in this case. Those sections are grants of general jurisdiction and "cannot be construed as authorizing suits of this character against the United States, else the exemption of sovereign immunity would become meaningless." *Geurkink Farms, Inc. v. United States*, 452 F.2d 643, 644 (7th Cir. 1971). Section 1331 "merely provides that the district court shall have original jurisdiction in all civil actions arising under the Constitution, laws or treaties of the United States" and "cannot by itself be construed as constituting a waiver of the government's defense of sovereign immunity." *Gilbert*, 756 F.2d at 1458-59. Similarly, § 1367 merely grants federal courts supplemental jurisdiction over state claims related to certain federal claims in any civil action of which the district court has original jurisdiction, 28 U.S.C. § 1367(a), and that section cannot "operate as a waiver of the United States sovereign immunity," *Wilkerson*, 67 F.3d at 119 n.13.

The parties agree that 26 U.S.C. § 7426(a)(1) does not serve as a basis for waiver of sovereign immunity in this case because the government never *levied* property held by Dunn & Black. *See* Treas. Reg. § 301.7426-1(a)(1)(ii) (2007) ("Section 7462 and this paragraph (a) apply when a levy is made by the Internal Revenue Service on a debt owed to a taxpayer by another federal agency. By contrast, section 7426 and this paragraph (a) do not apply if the Internal Revenue Service requests payment from another federal agency pursuant to a request for setoff."); *see also EC Term of Years Trust v. United States*, 127 S. Ct. 1763, 1767-68 (2007) (holding that § 7426(a)(1) is the exclusive remedy for third parties challenging a wrongful levy).

A

1

**[2]** Dunn & Black first relies on 28 U.S.C. § 1346(a)(1) as the basis for waiver of sovereign immunity in this case. That section waives the government's sovereign immunity by authorizing federal district courts to hear "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1); *United States v. Williams*, 514 U.S. 527, 531-32 (1995); *see also Imperial Plan, Inc. v. United States*, 95 F.3d 25, 26 (9th Cir. 1996) ("Title 28 U.S.C. § 1346(a)(1) waives the sovereign immunity of the United States to permit suit in the United States District Courts for the recovery of taxes which have been erroneously collected."). However, "[d]espite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *United States v. Dalm*, 494 U.S. 596, 601 (1990).

**[3]** One express condition of Congress's waiver of sovereign immunity is 26 U.S.C. § 7422(a), which, tracking the language of § 1346(a)(1), provides that

> [n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the

regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a); *see also Dalm*, 494 U.S. at 601.

**[4]** If a person neglects to file an administrative claim as required by § 7422(a), that person has failed to satisfy a necessary condition of the waiver of sovereign immunity under § 1346(a)(1), and, as we have repeatedly held, the district court is necessarily divested of jurisdiction over the action.[4] Other circuits have reached the same conclusion.[5]

---

[4]*See, e.g.*, *Omohundro v. United States*, 300 F.3d 1065, 1066-67 (9th Cir. 2002) (per curiam) ("To bring an action for credit or refund of overpaid taxes, a taxpayer must first file an administrative claim with the IRS. . . . A taxpayer's failure to file an administrative claim within the time periods imposed by statute divests the district court of jurisdiction over an action for a refund or credit."); *Imperial Plan*, 95 F.3d at 26 (" 'A timely claim is a jurisdictional prerequisite to an action for recovery of taxes paid.' " (quoting *Miller v. United States*, 38 F.3d 473, 474 (9th Cir. 1994))); *Yuen v. United States*, 825 F.2d 244, 245 (9th Cir. 1987) ("Unless a taxpayer has duly filed a claim for refund of federal taxes with the IRS, a district court is without jurisdiction to entertain a suit for refund, and a claim is not duly filed unless it is timely." (citations omitted)); *Boyd v. United States*, 762 F.2d 1369, 1371 (9th Cir. 1985) ("The regulations promulgated under section 7422(a) state, 'The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.' If the refund claim does not meet the requirements of the Code and the regulations, the suit must be dismissed, because filing pursuant to the rules is a jurisdictional prerequisite." (citations omitted)); *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir. 1985) ("Ordinarily, there is no jurisdiction in the district courts over suits for the refund of penalty amounts paid until the taxpayer has paid the full amount of the contested penalty assessment, and has filed a claim for refund which the IRS has either rejected or not acted upon in six months." (citations and emphasis omitted) (citing § 7422(a)).

[5]*See, e.g.*, *Young v. United States*, 332 F.3d 893, 895 (6th Cir. 2003) ("[T]he government's waiver of sovereign immunity is explicitly limited by the requirement that a taxpayer must first pursue administrative remedies . . . ." (citing § 7422(a))); *Compagnoni v. United States*, 173 F.3d 1369, 1372 (11th Cir. 1999) ("A key element of a section 1346 claim . . . is exhaustion of administrative remedies." (citing § 7422)); *Oropallo v. United States*, 994 F.2d 25, 26 (1st Cir. 1993) ("[T]he jurisdictional grant in section 1346(a)(1) must be read to incorporate the requirements of 26 U.S.C. §§ 7422(a) and 6511(a).").

**[5]** Dunn & Black does not assert, and the record does not suggest, that it satisfied § 7422(a)'s statutory requirements by filing an administrative claim with the IRS. Accordingly, even if Dunn & Black otherwise would have standing to maintain an action under § 1346(a)(1), Dunn & Black is barred from relying on that section as a basis of waiver of sovereign immunity in this case.

2

Dunn & Black makes the curious argument that § 7422(a) does not apply in this case because that section "establishes a condition precedent to an action to recover taxes paid that the *taxpayer* duly file a claim for refund or a credit with the IRS and that the claim be disallowed," but, here, "Dunn & Black is clearly not the taxpayer." (emphasis in original.) As indicated above, § 7422(a)(1)'s language virtually mirrors that of § 1346(a)(1).[6] Yet Dunn & Black argues that § 1346(a)(1) applies to non-taxpayers, but § 7422(a)(1) applies only to taxpayers. If we were to accept Dunn & Black's argument here, we would find ourselves pointed in diametrically opposite directions with respect to nearly identical statutory language. Such an interpretation of § 7422(a)(1) would, of course, fly in the face of the familiar canon of interpretation that courts

---

[6]*Compare* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."), *with* 28 U.S.C. § 1346(a)(1) ("The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]").

should "interpret similar language in different statutes in a like manner when the two statutes address a similar subject matter." *United States v. Novak*, 476 F.3d 1041, 1051 (9th Cir. 2007). Because Dunn & Black offers no reason for such contradictory interpretation of nearly identical statutory language involving the same subject matter, we reject this argument as unpersuasive.

3

**[6]** We also reject Dunn & Black's suggestion at oral argument that the government waived the statutorily-required exhaustion of administrative remedies argument by not raising it below. It is well established that the federal government cannot waive sovereign immunity by failing to raise it before the district court.[7] Only Congress enjoys the power to waive the United States' sovereign immunity. *Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 734 (1982).

As discussed above, § 7422(a)'s requirement that a person first file an administrative claim before commencing an action against the United States in district court is a statutory limitation on Congress's express waiver of sovereign immunity pur-

---

[7]*See, e.g.*, *United States v. U.S. Fidelity & Guar. Co.*, 309 U.S. 506, 513 (1940) ("But, it is said, that there was a waiver of immunity by a failure to object to the jurisdiction of the Missouri District Court over the cross-claim. It is a corollary to immunity from suit on the part of the United States and the Indian Nations in tutelage that this immunity cannot be waived by officials. If the contrary were true, it would subject the government to suit in any court in the discretion of its responsible officers. This is not permissible."); *Commodity Futures Trading Comm'n v. Frankwell Bullion Ltd.*, 99 F.3d 299, 306 n.5 (9th Cir. 1996)("[The plaintiff] also argues that the [federal government] waived its sovereign immunity argument by not raising it before the district court. This argument lacks merit; an official cannot waive sovereign immunity by failing to object to a court's jurisdiction."); *Danning v. United States*, 259 F.2d 305, 310 (9th Cir. 1958) (concluding that the federal "government cannot lose its immunity by any act or omission of its agents, and that consent to be sued cannot be implied from the action or inaction of its officers").

suant to § 1346(a)(1). As such, a government officer cannot waive the statutorily-provided exhaustion requirement by failing to raise it below. *See Quarty v. United States*, 170 F.3d 961, 972-73 & n.7 (9th Cir. 1999).

**[7]** Contrary to Dunn & Black's assertion, we have never held otherwise. Section 7422(a) requires that any taxpayer seeking a refund must first file an administrative claim with the Secretary of the Treasury before filing suit in federal court (the "exhaustion requirement"). 26 U.S.C. § 7422(a). Treasury Regulation § 301.6402-2(b)(1), in turn, provides that the administrative claim "must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof" (the "specificity requirement"). While we have held that the Treasury may waive the regulatory specificity requirement in limited circumstances,[8] the Treasury has no power to waive the statutorily-imposed exhaustion requirement, which is an inseverable condition on Congress's waiver of sovereign immunity under § 1346(a)(1). *See Quarty*, 170 F.3d at 973; *Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998); *see also Kikalos*, 479 F.3d at 525 ("The Supreme Court has held that while the Treasury may not waive the congressionally mandated requirement that a claim

---

[8]As we have explained before, "[t]he government may waive compliance with the specificity requirements of Treasury Regulation § 301.6402-2(b)(1) if it has investigated the merits of a claim and taken an action." *Quarty*, 170 F.3d at 973. "To establish that the government has waived compliance with the regulations' specificity requirement," however, " '[t]he showing should be unmistakable that the Commissioner has in fact seen fit to dispense with his formal requirements and to examine the merits of the claim. It is not enough that in some roundabout way the facts supporting the claim may have reached him.' " *Id.* (alteration in original) (quoting *Angelus Milling Co. v. Comm'r*, 325 U.S. 293, 297 (1945)); *see also Kikalos v. United States*, 479 F.3d 522, 525 (7th Cir. 2007) ("The Commissioner may waive the IRS's specificity requirements if 1) the IRS has sufficient knowledge of the claim, and 2) makes a determination on the merits or leads the taxpayer to believe that the IRS treated the claim as formally sufficient.").

be filed, the Treasury can waive its own formal require-
ments." (citing *Angelus Milling Co.*, 325 U.S. at 296).

Dunn & Black relies on *Bear Valley Mutual Water Co. v.
R.A. Riddell*, 493 F.2d 948 (9th Cir. 1974), for the proposition
that the statutory exhaustion requirement is waivable. But in
that case, we recognized the very distinction emphasized
above: "The long-established interpretation of these provi-
sions is that the filing of a claim with the Internal Revenue
Service is a jurisdictional prerequisite to a suit for refund, and,
in the absence of a waiver by the government, the taxpayer
cannot recover in its suit for refund *on a different ground than
that set forth in the claim for refund*." *Id.* at 951 (emphasis
added) (footnotes omitted).

B

1

Dunn & Black alternatively contends that 28 U.S.C. § 2410
provides an express waiver of sovereign immunity in this
case. The government responds that § 2410 does not apply
because the government claims an ownership interest, not a
mortgage or lien interest, in the judgment.

**[8]** Section 2410 states, in relevant part, that the "United
States may be named a party in any civil action or suit in any
district court . . . to quiet title to, [or] . . . to foreclose a mort-
gage or other lien upon . . . real or *personal property on which
the United States has or claims a mortgage or other lien*." 28
U.S.C. § 2410(a) (emphasis added). We have held that this
section operates as an express waiver of sovereign immunity.
*Arford*, 934 F.2d at 234. At the same time, however, we "have
strictly limited the reach and application of this statute."
*Hughes v. United States*, 953 F.2d 531, 538 (9th Cir. 1991).

**[9]** Congress expressly limited waiver of sovereign immu-
nity under § 2410 to actions where the United States "has or

claims a mortgage or other lien." And we have repeatedly held that "Congress in § 2410 did not consent to suits against the United States where the United States claims a title interest as distinguished from a lien interest," *Bertie's Apple Valley Farms v. United States*, 476 F.2d 291, 292 (9th Cir. 1973) (per curiam), or where the monies "have already come into the hands of the IRS," *Farr v. United States*, 990 F.2d 451, 453 (9th Cir. 1993).[9]

[10] In this case, at the time Dunn & Black commenced this action the government never claimed a lien or mortgage interest in the $450,000 judgment.[10] Rather, the government exer-

---

[9]*See also Huff v. United States*, 10 F.3d 1440, 1444 n.3 (9th Cir. 1993) (concluding that a plaintiff "cannot seek relief for monies or property already in the hands of the IRS in a § 2410 quiet title action"); *Hughes*, 953 F.2d at 538 ("[W]hile a taxpayer may contest the procedural validity of a tax lien under § 2410, he may do so only if, at the time the action is commenced, the government still claims a lien or mortgage on the property. If the government has sold the property prior to the filing of the suit, and no longer claims any interest in the property, § 2410 does not apply. Similarly, such an action is jurisdictionally barred if, at the time it is commenced, the government claims a title interest rather than a lien interest." (citations omitted)).

[10]Where a taxpayer owes the government for unpaid tax liabilities, the lien-levy process is one mechanism for the government to collect that debt. A lien, generally, is "[a] legal right or interest that a creditor has in another's property, lasting usu[ally] until a debt or duty that it secures is satisfied." Black's Law Dictionary 941 (8th ed. 2004). "If any person liable to pay any tax neglects or refuses to pay the same after demand," a federal tax lien arises in the amount "in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. However, because a tax lien is not self-executing, the government must take affirmative action to collect the underlying tax debt. *EC Term of Years Trust*, 127 S. Ct. at 1764. The "principal tool[ ] is a levy, which is a legally sanctioned seizure and sale of property" within the scope of that tax lien. *Id.* (internal quotations marks and citation omitted).

But where, as here, the taxpayer owes the government for unpaid tax liabilities *and* the government also owes the taxpayer for a tax overpayment or an unrelated debt, the government generally may exercise its right

cised its right of setoff against that judgment and therefore claimed title in the proceeds that had come to rest in the hands of the IRS at the time Dunn & Black filed this action. Accordingly, § 2410 does not waive sovereign immunity in this case.

2

Our prior decision in *Arford v. United States*, 934 F.2d 229, is not to the contrary. There, the IRS sent a notice of levy on the taxpayer's retirement benefits to the Retirement Pay Division of the Air Force, another government agency that disbursed those retirement benefits. *Id.* at 231. The taxpayer sued the United States, alleging that Congress waived sovereign immunity by § 7426 as to the request for recovery of the amount levied on past retirement payments, and by § 2410 as to the request to quiet title on the levy against continuing retirement payments. *Id.* We held that § 7426 does not serve as a waiver of sovereign immunity as to the requested recovery because that section only applies where the person is not the one " 'against whom is assessed the tax.' " *Id.* at 232 (quoting § 7426(a)(1)). We also held that § 2410 serves as a

of setoff to enforce collection of that tax debt rather than relying upon the lien-levy mechanism. A setoff simply refers to a debtor's right to reduce the amount owed a creditor by any sum that creditor owes the debtor. Black's Law Dictionary at 1404. "The right of setoff (also called 'offset') allows parties that owe each other money to apply their mutual debts against each other thereby avoiding 'the absurdity of making A pay B when B owes A.' " *Citizens Bank v. Strumpf*, 516 U.S. 16, 18 (1995) (quoting *Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528 (1913)). The Supreme Court has recognized the government's common law right of setoff. *See United States v. Munsey Trust Co.*, 332 U.S. 234, 239 (1947) ("The government has the same right 'which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him.' " (citation omitted)). Congress has also created a statutory right of setoff for the government. *See* 31 U.S.C. § 3728(a) ("The Secretary of the Treasury shall withhold paying that part of a judgment against the United States Government presented to the Secretary that is equal to a debt the plaintiff owes the Government.").

waiver of sovereign immunity with respect to the request to quiet title on the continuing retirement payments, because the taxpayer challenged procedural aspects of the lien. *Id.* at 234. We rejected the government's attempt to avoid the waiver of sovereign immunity under § 2410 by asserting that the transfer of money from the other agency to the IRS was a setoff not subject to the procedural requirements governing transfers by lien and levy, even though the transfer occurred pursuant to a formal notice of levy. *Id.*

*Arford* does not disturb the well-established rule that a person cannot invoke § 2410 where the government asserts a title interest in the disputed property or where the monies have already come to rest in the hands of the IRS. Rather, *Arford* stands for the simple proposition that the government cannot avoid the waiver of sovereign immunity under § 2410 by attempting to mask a transfer occurring pursuant to a formal notice of levy as a setoff beyond the procedural requirements for liens and levies.[11] But here, the government never filed a notice of levy, but simply withheld those funds pursuant to its statutory right of setoff.

Second, as our subsequent precedents make clear, *Arford* also stands for the limited proposition that a person "can only use § 2410 to challenge the *continued collection* of taxes through the garnishment of . . . wages" or retirement pay.

---

[11]We note that Treas. Reg. § 301.7426-1(a)(1) was subsequently amended to follow *Arford* in this respect. *Compare* Treas. Reg. § 301.7426-1(a)(1)(ii) (2007) ("Section 7462 and this paragraph (a) apply when a levy is made by the Internal Revenue Service on a debt owed to a taxpayer by another federal agency. By contrast, section 7426 and this paragraph (a) do not apply if the Internal Revenue Service requests payment from another federal agency pursuant to a request for setoff."), *with* Treas. Reg. § 301.7426-1(a)(1) (1986) ("No action is permitted under section 7426(a)(1) unless there has been a levy upon the property claimed. For example, no cause of action arises under this section where the United States sets-off an amount due to the taxpayer against taxes owed by him since no levy has been made.").

*Hughes*, 953 F.2d at 538 (emphasis added). Dunn & Black, however, does not challenge the continued collection of unpaid tax liabilities. For these reasons, *Arford* does not compel a contrary conclusion with respect to § 2410 in this case.

### III

**[11]** Neither § 1346(a)(1) nor § 2410 operates to waive sovereign immunity in this case. Accordingly, the district court lacked jurisdiction over Dunn & Black's action against the United States. We vacate the district court's summary judgment and remand with instructions to dismiss the case for lack of subject matter jurisdiction.

The parties shall bear their own costs on appeal.

**VACATED AND REMANDED.**