Sandra M. **STICKNEY**, individually and as a Trustee, Plaintiff—Appellant,

v.

**INTERNAL REVENUE SERVICE**, Defendant—Appellee.

No. 04–16246.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2007.

Filed Jan. 14, 2008.

William E. Taggart, Taggart & Hawkins, Oakland, CA, for Plaintiff-Appellant.

Emily J. Kingston, AUSA, Office of the U.S. Attorney, San Francisco, CA, Teresa T. Milton, Esq., U.S. Department of Justice, Tax Division, Washington, DC, for Defendant–Appellee.

Before: B. FLETCHER, CANBY, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Appellant Sandra Stickney (Stickney) challenges the district court's ruling that a transmutation of residential property interests from community property to tenancies in common constituted a fraudulent transfer.

Although it appears that the district court's ruling on the merits was supported by the record, the district court lacked jurisdiction because Stickney failed to establish that "[her] action falls within an unequivocally expressed waiver of sovereign immunity ..." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir.2007) (citation omitted).

1. The district court lacked jurisdiction over Stickney's quiet title action brought pursuant to 28 U.S.C. § 2410. *See Dunn & Black*, 492 F.3d at 1092 n. 9 ("[A] plaintiff cannot seek relief for monies or property already in the hands of the IRS in a § 2410 quiet title action.") (citation and internal quotation marks omitted).

2. The district court also lacked jurisdiction under 26 U.S.C. § 7433, which applies only to the direct taxpayer and not to

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

third parties such as Stickney. *See Allied/Royal Parking L.P. v. United States*, 166 F.3d 1000, 1003 (9th Cir.1999).

3. For the same reason, 26 U.S.C. § 7432 did not confer jurisdiction. *See Soghomonian v. United States*, 82 F.Supp.2d 1134, 1143 (E.D.Cal.1999); *cf. Allied/Royal Parking*, 166 F.3d 1000 at 1003.

4. Finally, jurisdiction was lacking under 26 U.S.C. § 7426, as Stickney's action did not involve a wrongful levy or a substituted fund. *See Sessler v. United States*, 7 F.3d 1449, 1451–52 (9th Cir.1993) ("[S]ection 7426 is not a broad grant of jurisdiction for suit brought by any third-party interest-holder; it only waives immunity when there's been a wrongful levy.") (internal quotation marks omitted); *see also United States v. Williams*, 514 U.S. 527, 537–38, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995).

**VACATED and REMANDED for dismissal.**