638

William L. CHAPIN, Plaintiff—
Appellant,

v.

UNITED STATES INTERNAL
REVENUE SERVICE,
Defendant—Appellee.

No. 06–56493.

United States Court of Appeals,
Ninth Circuit.

Submitted April 22, 2008.*

Filed May 1, 2008.

William L. Chapin, Huntington Beach, CA, pro se.

Evan J. Davis, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Kenneth L. Greene, Esq., Kathleen E. Lyon, Esq., DOJ—U.S. Department of Justice Tax Division/Appellate Section, Washington, DC, for Defendant–Appellee.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

William L. Chapin appeals pro se from the district court's order dismissing his complaint alleging that the Internal Revenue Service ("IRS") violated his due process rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), Arrington v. Wong, 237 F.3d 1066, 1069 (9th Cir.2001), and we affirm.

The district court properly dismissed the action against the IRS because Chapin failed to establish any statutory waiver of sovereign immunity, and, thus, his constitutional claims are barred. See Gilbert v. DaGrossa, 756 F.2d 1455, 1457–58 (9th Cir.1985) (holding that a suit alleging civil and constitutional claims against IRS employees in their official capacity is a suit against the United States and is barred by sovereign immunity absent statutory waiver); Dunn & Black, P.S. v. United States, 492 F.3d 1084, 1088 (9th Cir.2007) (stating that dismissal for lack of jurisdiction is proper where plaintiff fails to establish an "unequivocally expressed waiver of sovereign immunity").

Contrary to Chapin's contentions, 28 U.S.C. § 1331 "cannot by itself be construed as constituting a waiver of the government's defense of sovereign immunity." Gilbert, 756 F.2d at 1458. Similarly, 5 U.S.C. § 702 "does not provide an independent jurisdictional basis; it only prescribes the standards for reviewing agency action once jurisdiction is established." Staacke v. United States Sec'y of Labor, 841 F.2d 278, 282 (9th Cir.1988).

Because amendment would be futile, the district court did not abuse its discretion by dismissing Chapin's complaint without leave to amend. See Albrecht v. Lund, 845 F.2d 193, 196 (9th Cir.1988).

Because we affirm dismissal based on lack of jurisdiction, we do not reach the other issues raised on appeal. See Corrie

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. Caterpillar, Inc.,* 503 F.3d 974, 984 (9th Cir.2007).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.