**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| NEIGHBORHOOD IMPROVEMENT PROJECTS, LLC, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, JOHN and JANE DOES, 1 through 10 <br><br> Defendant-Appellee. | No. 16-15114 <br><br> D.C. No. 2:15-cv-00523-DLR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted May 11, 2017
Pasadena, California

Before: O'SCANNLAIN and OWENS, Circuit Judges, and CHRISTENSEN,[**] Chief District Judge.

Plaintiff-Appellant Neighborhood Improvement Projects, LLC (NIP) appeals

the district court's order granting Defendant-Appellee United States's motion for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Dana L. Christensen, United States Chief District Judge for the District of Montana, sitting by designation.

summary judgment. On appeal, NIP argues that the district court erroneously concluded that the Casa Norte Homeowners Association lien was not choate before the federal tax lien arose. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We do not reach the merits of NIP's quiet title action appeal because we find this appeal is moot with respect to that issue. "[M]ootness can arise at any stage of litigation" and "federal courts may not 'give opinions upon moot questions or abstract propositions.'" *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). "[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills*, 159 U.S. at 653). One week before the district court ruled on the motion for summary judgment, NIP sold the subject real property to a third party. Following the entry of judgment, NIP's escrow agent paid off the IRS lien, thus satisfying the previous owner's 2008 income tax liability. The IRS then released the federal tax lien which is the subject of this dispute. The relief NIP seeks here is a court declaration concerning the respective lien priority rights between NIP and the IRS.

Because the IRS lien was released, there are no longer competing liens on the subject property. Title is no longer clouded, the HOA and IRS liens have been paid off (so determining priority has no real world effect), and any judgment would have no impact on future purchasers. Thus, the appeal is moot.[1]

Further, to the extent that NIP has a damage claim, the United States has not waived sovereign immunity. *Bank of Hemet v. United States*, 643 F.2d 661, 665 (9th Cir. 1981) ("[T]he presence of a waiver of sovereign immunity should be determined as of the date the complaint was filed[.]"). The United States waived its sovereign immunity with respect to NIP's quiet title action pursuant to 28 U.S.C. § 2410, but such waiver does not extend to an action for damages. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Ringer v. Basile*, 645 F. Supp. 1517, 1526 (D. Colo. 1986).

**AFFIRMED in part and DISMISSED in part.**

---

[1] No decision we make could lead to a monetary award for NIP sufficient to defeat mootness. The Arizona statute that NIP's quiet title action is brought under, A.R.S. § 33-420(B), does not authorize damages. And a quiet title action cannot be brought for a tax refund. *See Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1092 (9th Cir. 2007). A claim for attorneys' fees is insufficient to create a case or controversy where none exists. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 471, 480 (1990).

3