NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 4 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILIP A. DUGGAN, | No. 17-35814 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00034-SMJ |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted November 30, 2018[**]

Before:   TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Philip A. Duggan appeals pro se from the district court's judgment in his

action for tax refunds. We have jurisdiction under 28 U.S.C. § 1291. We review

de novo. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970

(9th Cir. 2011) (cross motions for summary judgment); *BNSF Ry. Co. v. O'Dea*,

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

572 F.3d 785, 787 (9th Cir. 2009) (dismissal for lack of subject matter jurisdiction). We affirm.

The district court properly dismissed Counts 1 and 2 for lack of subject-matter jurisdiction because Duggan failed timely to file administrative refund claims with the Internal Revenue Service ("IRS"). *See* 26 U.S.C. § 7422(a) (requiring filing of administrative refund claim with IRS prior to filing refund suit); 26 U.S.C. § 6511(a) (requiring refund claim to be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever is later); *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088-89 (9th Cir. 2007) (stating that district court is divested of jurisdiction if taxpayer fails to file an administrative refund claim). We reject as meritless Duggan's contention that his May 11, 2012 and December 11, 2012 letters constitute timely, informal refund claims because the letters failed adequately to apprise the IRS of the basis for Duggan's refund requests. *See United States v. Kales*, 314 U.S. 186, 194 (1941) (notice must fairly advise the IRS "of the nature of the taxpayer's claim"); *Commissioner v. Ewing*, 439 F.3d 1009, 1015 (9th Cir. 2006) (rejecting contention that taxpayer's request for relief constituted an informal refund claim).

The district court did not abuse its discretion by dismissing Counts 1 and 2

2                                                    17-35814

without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court properly granted summary judgment for the government and denied summary judgment for Duggan on Counts 3 through 7 because Duggan failed to raise a genuine dispute of material fact as to whether the IRS failed to comply with the supervisor-approval requirement when it imposed penalties for tax years 2000 to 2004. *See* 26 U.S.C. § 6751(b)(1) (requiring initial assessment of penalty to be personally approved in writing by supervisor); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) ("Form 4340 is probative evidence in and of itself and, in the absence of contrary evidence, [is] sufficient to establish that notices and assessments were properly made."). Duggan's frivolous arguments in support of this claim are conclusively refuted by the record.

We reject as meritless Duggan's contention that the district court should have permitted him to present claims in this action that vary substantially from the basis for Duggan's claims set forth in his administrative refund claims. *See Boyd v. United States*, 762 F.2d 1369, 1372 (9th Cir. 1985) ("If the [refund] claim on its

3                                                                 17-35814

face does not call for investigation of a question, the taxpayer may not later raise that question in a refund suit.").

The district court did not abuse its discretion by denying Duggan's motion for leave to amend the complaint as to Counts 3 through 7 because amendment would unfairly prejudice the government and would be demonstrably futile. *See Cervantes*, 656 F.3d at 1041.

We do not consider the district court's dismissal of Counts 8 through 13 because Duggan states that he is not appealing the dismissal of those Counts.

To the extent that Duggan seeks to raise his due process claim on appeal, the district court properly determined that Duggan failed to include that claim in his administrative refund claim. *See Boyd*, 762 F.2d at 1372.

The district court properly denied Duggan's request for an order releasing the levy. *See* 26 U.S.C. § 6343(a)(1)(D) (authorizing the Secretary of the Treasury to release a levy where it creates an "economic hardship due to the financial condition of the taxpayer"); 26 U.S.C. § 7421(a) (prohibiting, with certain exceptions, district court from restraining the assessment or collection of tax).

The district court did not abuse its discretion by denying Duggan's motion for leave to file an addendum to his opposition to the government's motion for

summary judgment; by granting the government's motion to strike Duggan's affidavit in support of Duggan's motion for summary judgment; and by denying as moot Duggan's motion for leave to file an addendum to Duggan's reply in support of his motion to reconsider and motion to amend the scheduling order. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) (stating that "district courts have inherent power to control their dockets" and this court "will reverse a district court's litigation management decisions only if it abused its discretion").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**