NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC L. GILBERT; AUDRA GILBERT, husband and wife, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA; PHILIP K. LEOPARD, as Trustee of Namaca Management Limited, <br><br> Defendants-Appellees. | No.   18-17004 <br><br> D.C. No. 2:17-cv-03762-JJT <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted February 3, 2021
Phoenix, Arizona

Before:  W. FLETCHER, MILLER, and HUNSAKER, Circuit Judges.

Eric and Audra Gilbert appeal the district court's dismissal of their complaint

against Defendants-Appellees Philip K. Leopard, as trustee of Namaca Management

Limited (Namaca), and the United States. The Gilberts bring quiet title and

interpleader claims against both defendants and breach of contract, declaratory

---

*         This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

judgment,[1] and wrongful recording claims against Namaca. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review dismissals for failure to state a claim and lack of subject matter jurisdiction de novo. *Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995). We also review whether the United States waived its sovereign immunity de novo. *Orff v. United States*, 358 F.3d 1137, 1142 (9th Cir. 2004), *aff'd*, 545 U.S. 596 (2005).

1.      *Quiet Title*. Because the United States released all federal tax liens placed on the Property, the Gilberts' quiet title claim against both defendants is moot; the Gilberts obtained the relief they sought and the court can no longer grant any effectual relief in their favor.[2] *See Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam).

2.      *Interpleader*. To the extent the Gilberts seek interpleader to resolve a dispute over the since-released tax liens, this claim is moot. *See Calderon*, 158 U.S. at 150. To the extent the Gilberts seek to resolve their withholding obligations owed to the United States under FIRPTA and FDAP through interpleader, their claim fails

---

[1] The Gilberts' claim for a declaration establishing that their withholding of funds required under the Foreign Investment in Real Property Tax Act (FIRPTA) and the Fixed, Determinable, Annual, or Periodical income (FDAP) rules from their agreed purchase price for the subject real property was not a breach of contract is resolved in a contemporaneously filed opinion. Their remaining declaratory judgment claims are resolved herein.

[2] We take judicial notice of the release of the federal tax liens as matters of public record, maintained by the Maricopa County Recorder. *See* Fed. R. Evid. 201(c)(1).

because the United States has not waived its sovereign immunity. The United States waives its sovereign immunity when it "claims a mortgage or other lien" on real or personal property. 28 U.S.C. § 2410(a)(5). The United States has not asserted a lien based on the Gilberts' FIRPTA or FDAP withholding obligations. Thus, the Gilberts cannot sue the United States, and their interpleader claim fails. *See Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007).

3.  *Breach of Contract.* The Gilberts' breach of contract claim is not ripe. While they argue that Namaca breached the amended real estate contract by failing to take "immediate and appropriate steps to have the title issues resolved as quickly as possible," any obligation created by this sentence is so vague and indefinite that it is incapable of being performed. *See C & T Land & Dev. Co. v. Bushnell*, 470 P.2d 102, 103 (Ariz. 1970). But the additional phrase in the same provision that "title issues shall be resolved prior to or at the time of final conveyance" is sufficiently definite to enforce. Therefore, under the terms of the contract, Namaca was required to deliver clear title to the Gilberts once they fulfilled their payment obligations. The Gilberts, however, have not completed their payment obligations. Because a breach of contract claim is premature until it becomes certain the contractual obligation will not be honored, the Gilberts' claim fails as not ripe. *See Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996); *Esplendido Apartments v. Olsson*, 697 P.2d 1105, 1111 (Ariz. Ct. App. 1984).

4. *Declaratory Judgment*. To the extent the Gilberts seek declaratory relief related to the since-removed federal tax liens, this claim is moot. *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) ("The requirement that a case or controversy exist under the Declaratory Judgment Act is identical to Article III's constitutional case or controversy requirement.") (quotation marks and citation omitted). And the remaining declarations that the Gilberts seek, which relate to their breach of contract claim, fail because, as discussed above, they are not ripe. *See id.*

5. *Wrongful Recording*. Finally, the Gilberts' wrongful recording claim fails because "[o]ne must be an 'owner' or 'beneficial title holder' at the time of the recording to assert a claim under [Ariz. Rev. Stat.] § 33–420(A)." *SWC Baseline & Crismon Inv'rs, L.L.C. v. Augusta Ranch Ltd. P'ship*, 265 P.3d 1070, 1079 (Ariz. Ct. App. 2011); *see also* Ariz. Rev. Stat. § 33–420(A). The recording at issue is the Notice of Foreclosure recorded in December 2017. The Gilberts did not—and cannot—allege that they owned the Property or held beneficial title to the Property at the time of that recording.

**AFFIRMED**.