NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MELCHOR KARL T. LIMPIN,

Plaintiff-Appellant,

v.

ROBERT McSEVENEY, Immigration
Judge; et al.,

Defendants-Appellees.

No. 20-55866

D.C. No. 3:16-cv-02351-AJB-BLM

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted October 12, 2021**

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Melchor Karl T. Limpin appeals pro se from the district court's order

dismissing his action brought under *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971), arising from his arrest and

detention by Immigration and Customs Enforcement.  We have jurisdiction under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1). *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011). We affirm.

The district court properly dismissed Limpin's claims against defendants in their official capacities because Limpin failed to establish any statutory waiver of sovereign immunity. *See Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008) (holding that *Bivens* claims are not available against federal agencies or agents sued in their official capacity); *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007) (dismissal for lack of jurisdiction is proper where plaintiff fails to establish an "unequivocally expressed waiver of sovereign immunity").

The district court did not abuse its discretion by dismissing Limpin's claims against defendants in their individual capacities because Limpin failed to effect proper service of the summons and amended complaint after being given notice and an opportunity to do so. *See* Fed. R. Civ. P. 4(m) (outlining requirements for proper service and explaining that a district court may dismiss for failure to serve absent a showing of good cause for failure to serve); Cal. Civ. Proc. Code § 415.30 (outlining the requirements for service under California law); *Oyama v. Sheehan* (*In re Sheehan*), 253 F.3d 507, 511-13 (9th Cir. 2001) (setting forth standard of review and discussing Rule 4(m)'s good cause notice standard and the district

court's broad discretion to dismiss an action).

We reject as meritless Limpin's contention that he should have been granted leave to amend.

**AFFIRMED.**