**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHYLLIS CARR, | No. 21-17100 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-00744-WHO |
| v. | MEMORANDUM* |
| UNITED STATES INTERNAL REVENUE SERVICE; CHARLES P. RETTIG, in his official capacity as Commissioner of Internal Revenue; MIN JIE MA; UNITED STATES OF AMERICA, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted January 18, 2023**

Before: GRABER, PAEZ, and NGUYEN, Circuit Judges.

Phyllis Carr appeals pro se the district court's judgment in her action under

26 U.S.C. § 7422 seeking a tax refund from the IRS for tax year 2012. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Big Sandy Rancheria Enterprises v. Bonta*, 1 F.4th 710, 719 (9th Cir. 2021) (dismissal for lack of subject matter jurisdiction); *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016) (cross motions for summary judgment). We affirm.

The district court properly granted summary judgment to defendants because Carr failed to raise a genuine dispute of material fact as to whether she timely filed a formal administrative refund claim or adequately provided the IRS notice of an informal claim. *See Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088-89 (9th Cir. 2007) (stating that a district court is divested of jurisdiction if taxpayer fails to file a formal administrative refund claim); *United States v. Kales*, 314 U.S. 186, 194 (1941) (stating that notice of an informal claim must fairly advise the IRS "of the nature of the taxpayer's claim").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**