**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CALIFORNIA SHOCK TRAUMA AIR
RESCUE,
              *Plaintiff-Appellant,*

        v.

STATE COMPENSATION INSURANCE
FUND; ZURICH AMERICAN INSURANCE
COMPANY; ZENITH INSURANCE
COMPANY; REDWOOD FIRE &
CASUALTY INSURANCE COMPANY;
SEABRIGHT INSURANCE COMPANY;
ALLIED PROPERTY AND CASUALTY
INSURANCE COMPANY; EMPLOYERS
DIRECT INSURANCE COMPANY; XL
SPECIALTY INSURANCE COMPANY;
APPLIED UNDERWRITERS, INC.;
NATIONAL LIABILITY & FIRE
INSURANCE COMPANY; AIMS
INSURANCE SERVICES; ARCH
INSURANCE COMPANY; BROADSPIRE
SERVICES, INC.; CHURCH MUTUAL
INSURANCE COMPANY; ALASKA
NATIONAL INSURANCE COMPANY;
EMPLOYERS INSURANCE COMPANY OF
WAUSAU;

INSURANCE COMPANY OF THE WEST;
EMPLOYERS COMPENSATION
INSURANCE COMPANY; FLORISTS'
MUTUAL INSURANCE COMPANY;
SAFECO INSURANCE COMPANY OF
AMERICA; SAFETY NATIONAL
CASUALTY CORPORATION; ACE
AMERICAN INSURANCE COMPANY;
CYPRESS INSURANCE COMPANY;
SIERRA PACIFIC INDUSTRIES, INC.;
FIRE ASSOCIATION SELF-INSURANCE
SYSTEM; CONTRA COSTA COUNTY
SCHOOLS INSURANCE GROUP;
CALIFORNIA STATE ASSOCIATION OF
COUNTIES EXCESS INSURANCE
AUTHORITY; PROTECTED INSURANCE
PROGRAMS FOR SCHOOLS; NORCAL
WASTE SYSTEMS, INC.; SPECIAL
DISTRICT RISK MANAGEMENT
AUTHORITY; MANPOWER, INC.;
REDWOOD EMPIRE MUNICIPAL
INSURANCE FUND; EAST BAY
REGIONAL PARK DISTRICT; TRINDEL
INSURANCE FUND; COUNTY OF
MARIN;

BARRETT BUSINESS SERVICES, INC.;
NORTHERN CALIFORNIA SPECIAL
DISTRICTS INSURANCE AUTHORITY;
CITY OF MONTEREY; COUNTY OF
SOLANO; LAKE VALLEY FIRE
PROTECTION DISTRICT; COUNTY OF
SANTA BARBARA; 99 CENT ONLY
STORES; COUNTY OF EL DORADO;
CITY OF PLEASANTON; COUNTY OF
STANISLAUS; MUNICIPAL POOLING
AUTHORITY; THE DAVEY TREE
EXPERT; ACE PROPERTY AND
INSURANCE COMPANY;
CONOCOPHILLIPS COMPANY; ABC
SUPPLY COMPANY INC.; LABOR
READY SOUTHWEST INC.; CITY OF
WATSONVILLE; LOWE'S HIW, INC.;
AGRIUM US INC.; AMERICAN
CASUALTY COMPANY OF READING,
PENNSYLVANIA; IRWIN INDUSTRIES,
INC.; WASTE CONNECTIONS, INC.,
              *Defendants-Appellees.*

No. 09-16810
D.C. No.
2:09-cv-00090-
MCE-JFM

CALIFORNIA SHOCK TRAUMA AIR
RESCUE,
                    *Plaintiff-Appellant,*

                    v.

AIG DOMESTIC CLAIMS, INC.; AIG
INSURANCE SERVICES, INC.; AIG
INDEMNITY INSURANCE COMPANY;
STATE FARM GENERAL INSURANCE
COMPANY; STATE FARM EMPLOYEES
ACTIVITIES ASSN.; REGENTS OF THE
UNIVERSITY OF CALIFORNIA; MCM
CONSTRUCTION, INC.; ENDURANCE
REINSURANCE CORPORATION OF
AMERICA; ENVIRONMENTAL
ALTERNATIVES; AMERICAN HOME
ASSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; COMMERCE AND
INDUSTRY INSURANCE COMPANY;
MAINSTAY BUSINESS SOLUTIONS;
MONTEREY COUNTY LOCAL
AGENCIES INSURANCE AUTHORITY;
E.I. DU PONT DE NEMOURS AND
COMPANY; CAMBRIDGE INTEGRATED
SERVICES GROUP, INC.; SCHOOLS
INSURANCE AUTHORITY; SCHOOLS
INSURANCE GROUP; PEBBLE BEACH
COMPANY,
                    *Defendants-Appellees.*

No. 09-16874

D.C. No.
2:09-cv-00759-
MCE-JFM

OPINION

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted
January 14, 2011—San Francisco, California

Filed March 31, 2011

Before: J. Clifford Wallace, John T. Noonan, and
Barry G. Silverman, Circuit Judges.

Opinion by Judge Wallace

## COUNSEL

Kathryn Dol (argued) and John E. Fischer of Murphy Austin Adams Schoenfeld LLP, Sacramento, California, for appellant California Shock Trauma Air Rescue.

Moe Keshavarzi (argued), Frank Falzetta, and James F. McShane of Sheppard Mullin Richter & Hampton LLP, Los Angeles, California; Peter Roan and Ronald D. Kurtz of Locke Lord Bissell & Liddell LLP, Los Angeles, California, for appellees State Compensation Insurance Fund et al.

## OPINION

WALLACE, Senior Circuit Judge:

These consolidated appeals arise from two separate actions that involve California Shock Trauma Air Rescue (CAL-STAR). Both actions turn on the same jurisdictional question: is the expectation of a federal defense, without more, sufficient to establish federal jurisdiction over a state-law claim?

Despite CALSTAR's arguments to the contrary, we reiterate that the well-pleaded complaint rule precludes the exercise of federal subject matter jurisdiction over purely state-law causes of action, like the one raised here.

## I.

CALSTAR provides air-ambulance rescue services to employees injured in the course of their employment, and whose employers are either self-insured or have purchased workers' compensation insurance. CALSTAR alleges that these employers and various insurance companies (collectively, Employers) have underpaid CALSTAR for its services. Rather than pay the amount billed by CALSTAR, Employers have paid a lesser amount as specified under the California's workers' compensation statute. *See* Cal. Code Regs. tit. 8 § 9789.70 (now obsolete in relevant part).

In 2009, CALSTAR filed its actions in the Eastern District of California, alleging state-law claims of quantum meruit, unjust enrichment, and open book account. CALSTAR also sought a declaratory judgment that the state statute regulating air-ambulance rates is pre-empted by federal law. In the 1970s, the federal government adopted legislation—the Federal Aviation Act of 1958 (FAA), as amended by the Airline Deregulation Act of 1978, codified at 49 U.S.C. § 41713(b)(1)—to increase airline competition and lower airfare prices. According to CALSTAR, the FAA preempts the workers' compensation statute at issue.

The FAA preemption question is the sole basis on which CALSTAR attempts to have its actions adjudicated in federal court. Relying on Federal Rule of Civil Procedure 12(e)(1), the district court concluded that subject matter jurisdiction was lacking and dismissed CALSTAR's claims. CALSTAR now appeals. We review the district court's dismissal for lack of subject matter jurisdiction de novo, *Kildare v. Saenz*, 325 F.3d 1078, 1082, 1085 (9th Cir. 2003), and we affirm.

## II.

Under 28 U.S.C. § 1331, federal courts have jurisdiction over those actions "arising under the Constitution, laws, or treaties of the United States." While plaintiffs usually invoke section 1331 jurisdiction for violations of federal law, they also may invoke it over certain state-law claims. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

[1] In determining whether a federal district court has "arising under" jurisdiction over a claim, we must keep in mind "the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts": the well-pleaded complaint rule. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Under the well-pleaded complaint rule, we must determine whether "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936).

[2] We thus are required to consider whether CALSTAR's complaints satisfy the well-pleaded complaint rule. CALSTAR is suing Employers under various state-law theories. CALSTAR anticipates that Employers will respond by asserting, as a defense, that they correctly paid CALSTAR pursuant to California's air-ambulance rate regulation. In response to that defense, CALSTAR anticipates arguing that the state's air-ambulance rate regulation is inapplicable because the FAA preempts the state regulation. It is evident that CALSTAR's federal preemption argument is not necessary to its state-law claims—it is merely a potential response to a defense. Because CALSTAR's preemption issue cannot satisfy the well-pleaded complaint rule, there is no basis for federal question jurisdiction.

[3] Any doubt about our analysis is removed by *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125 (1974) (per

curiam). There, Texaco brought an action in federal court for quantum meruit, arguing that Phillips Petroleum underpaid for helium contained in the natural gas that Texaco sold to Phillips Petroleum. *Id.* at 125-26. If the action had gone forward, Phillips Petroleum would have argued that it made payments pursuant to the terms of the parties' contract. *Id.* at 128. In response, Texaco was prepared to argue that the federal statute governing helium sales required further payment for helium trapped within natural gas. *Id.* Thus, "[t]o the extent that the [federal statutes] may bear on th[e] action for the recovery of the reasonable value of constituent helium in natural gas, it is clear that *their effect is no more than to overcome a potential defense to the action.*" *Id.* at 129 (emphasis added). The Court then ruled that it "cannot be said that this suit 'arises under the Constitution, laws, or treaties of the United States.' " *Id.*, *quoting* 28 U.S.C. § 1331(a). Based on *Phillips Petroleum*, which contained facts functionally identical to those at issue here, federal subject matter jurisdiction cannot arise from CALSTAR's complaint raising mere state-law claims.

Ignoring *Phillips Petroleum*, CALSTAR invokes the Supreme Court's decision in *Grable* and argues that a federal court may entertain any action if it involves "significant federal issues." 545 U.S. at 312. *Grable*, however, does not support CALSTAR's position. There, a plaintiff filed a state common law quiet title action alleging superior title to a parcel of land previously seized by the Internal Revenue Service (IRS). *Id.* at 311. The basis of Grable's argument for superior title, as alleged in his complaint, was the IRS's failure to serve notice pursuant to 26 U.S.C. § 6335(a). *Id.* The defendant "removed the case to Federal District Court as presenting a federal question, because the claim of title depended on the interpretation of . . . federal tax law." *Id.* The Court observed that jurisdiction was proper because, "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* at 312.

**[4]** Read in isolation, this statement arguably suggests that federal courts may exercise jurisdiction over *any* state-law claim that "implicate[s] significant federal issues." In fact, this is the very interpretation that CALSTAR asks us to adopt. Nevertheless, contrary to CALSTAR's suggestion, *Grable* did not implicitly overturn the well-pleaded complaint rule— which has long been a "basic principle marking the boundaries of the federal question jurisdiction of the federal district courts," *Metropolitan Life*, 481 U.S. at 63—in favor of a new "implicate[s] significant federal issues" test, *see Grable*, 545 U.S. at 312. For CALSTAR's argument to have any merit, the complaint in *Grable* would have had to violate the well-pleaded complaint rule. But this is where CALSTAR falters. The *Grable* complaint *did* present a federal issue on its face. As the Court explained, the complaint in Grable "premised its [state-law] superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law." *Id.* at 314-15. Thus, contrary to CALSTAR's suggestion, *Grable* stands for the proposition that a state-law claim will present a justiciable federal question only if it satisfies *both* the well-pleaded complaint rule *and* passes the "implicate[s] significant federal issues" test. This test requires that the federal issue within a state-law claim be "necessar[y], . . . actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

**[5]** Turning to the facts of this case, CALSTAR's argument fails at the outset. Notwithstanding its declaratory judgment claim, which we address later, its actions are based entirely on California causes of action (quantum meruit, unjust enrichment and open book account), each of which does not, on its face, turn on a federal issue. Instead, any federal issue here would be a response to a defense to these state-law claims. Under *Phillips Petroleum*, there is no arising under jurisdiction in this context. 425 U.S. at 128.

### III.

**[6]** The other potential basis for federal jurisdiction is CALSTAR's claim for declaratory relief. Pursuant to that claim, CALSTAR seeks a declaration that the FAA preempts the now obsolete fee schedule for air ambulances. *See* Cal. Code Regs. tit. 8 § 9789.70.

**[7]** "[T]he operation of the Declaratory Judgment Act is procedural only" and does not confer arising under jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (internal quotation marks omitted). That holding should be the end of the discussion. Nevertheless, CALSTAR argues that the logical extension of *Shaw v. Delta Airlines, Inc.* opens the doors of the federal courts to CALSTAR's claim. 463 U.S. 85 (1983). The relevant portion of *Shaw*, upon which CALSTAR relies, states:

> It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials interfering with federal rights. *Ex parte Young*, 209 U.S. 123, 160-62 (1908). A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve.

*Id.* at 96 n.14.

**[8]** CALSTAR's argument is a matter of first impression within our circuit and therefore we must address it. In *Shaw*, the Supreme Court predicated its jurisdictional holding on the fact that a state official was the defendant. *Id.* Relying on *Ex parte Young*, the Court held that there was arising under jurisdiction over an action against a state attorney general, acting in his official capacity, who allegedly violated federal law.

209 U.S. at 160-62. A Supremacy Clause-related claim against a state official was the logical extension of the jurisdictional rule set forth in *Ex parte Young*. The structure of the *Shaw* syllogism confirms its conclusion. In footnote 14, *Shaw* reiterates its major premise: Jurisdiction exists over federal actions to enjoin state officials. 463 U.S. at 96 n.14. When confronted with the *Shaw* plaintiff's Supremacy Clause claim against a state official, the Court explained that such a claim "*thus presents* a federal question." *Id.* (emphasis added). Because the presence of a state official is crucial to the reasoning in *Shaw*, its holding is irrelevant to CALSTAR's action against Employers, none of whom are state officials. As CALSTAR is unable to cite *any* case in which there exists federal subject matter jurisdiction over a declaratory judgment claim brought by a private party against another private party, CALSTAR's argument necessarily fails.

Furthermore, to the extent that CALSTAR contends that *Shaw* opened the door to its argument, it ignores Supreme Court precedent that keeps that door closed. If we ruled as CALSTAR suggests we do, we would directly contravene the *Skelly Oil* rule, which held that Declaratory Judgment Act actions are procedural claims, as opposed to substantive ones that would confer jurisdiction. 339 U.S. at 671. For this reason as well, CALSTAR's position is untenable.

At bottom, CALSTAR's argument is nothing more than a "futile . . . attempt to define a 'cause of action' without reference to . . . context." *Gully*, 299 U.S. at 117. Federal subject matter jurisdiction jurisprudence is not an area of the law that lends itself to the application of broad principles. It is a precise analysis. The line is clearly drawn. As the Supreme Court cautioned,

> To define broadly and in the abstract "a case arising under the Constitution or laws of the United States" has hazards of a kindred order. . . . [T]he courts have formulated the distinction between controversies that

are basic and those that are collateral, between disputes that are necessary and those that are merely possible. We shall be lost in a maze if we put that compass by.

*Id.* at 117-18. Actions against state officials are part of those that are "basic" and "necessary." *See Shaw*, 463 U.S. at 96 n.14. Declaratory judgments against private parties, regardless of whether the Supremacy Clause has been invoked, are not. *Skelly Oil*, 339 U.S. at 671.

**[9]** Our analysis is strengthened by the fact that those circuits to address the argument now raised by CALSTAR have unanimously rejected it. *See Colonial Penn Grp., Inc. v. Colonial Deposit Co.*, 834 F.2d 229, 237 (1st Cir. 1987) ("Jurisdiction over actions for declarations of pre-emption can logically only be asserted where a state official is the defendant"); *Albradco, Inc. v. Bevona*, 982 F.2d 82, 87 (2d Cir. 1992) ("Because [plaintiffs] have not sued state officials to enjoin them from enforcing an unconstitutional state law, this case is distinguishable from *Shaw*"); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 330 (5th Cir. 2008) (*Shaw* "does not apply in a suit exclusively between private parties . . ."). Accordingly, we hold that there is no federal jurisdiction over CALSTAR's declaratory judgment claim.

## IV.

Because there is no federal jurisdiction over any of CALSTAR's claims, we affirm the district court's dismissal for lack of jurisdiction. We therefore need not address the parties' remaining arguments. We do, however, grant Employers' motion to take judicial notice of CALSTAR's state-law complaint.

Costs on appeal are awarded to Employers.

**AFFIRMED.**