**BURNS RANCHES, INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF THE INTERIOR, et al., Defendants.**

No. 2:11–cv–00741–MO.

United States District Court, D. Oregon, Portland Division.

Nov. 29, 2011.

Opinion and Order Denying Reconsideration April 3, 2012.

Christopher P. Koback, Hathaway Koback Connors LLP, Daniel E. O'Leary, Davis Wright Tremaine, Portland, OR, for Plaintiff.

Sean E. Martin, U.S. Attorney's Office, Portland, OR, Brian L. Gingerich, Schwabe Williamson & Wyatt, Bend, OR, for Defendants.

## OPINION AND ORDER

MOSMAN, District Judge.

Burns Ranches, Inc. ("Burns Ranches") brought this action for declaratory relief against the United States Department of Interior ("DOI") and several entities and individuals associated with a partnership named Clearwater Land Exchange—Oregon (collectively "Clearwater" or "Nongovernmental Defendants"). Burns Ranches alleges that the DOI is violating the Oregon Land Exchange Act of 2000, Pub.L. No. 106–257, 114 Stat. 650 (2000) (the "Exchange Act"), and that the Nongovernmental Defendants are necessary parties to this suit. The DOI and the Nongovernmental Defendants each moved to dismiss [9] [13] pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). As explained below, I grant both motions.

## BACKGROUND

This case centers on roughly 400 acres of northeastern Oregon land that was part of a planned land exchange. According to Burns Ranches, the Exchange Act authorized the DOI to exchange public land in order to acquire more desirable private land, and it authorized Clearwater to serve as a "facilitator" for exchanges. Clearwater's duties included analyzing which private landowners the DOI should exchange land with, coordinating exchanges, and serving as a middleman for transactions with the DOI.

Clearwater and Burns Ranches worked out an agreement whereby the DOI would transfer public land—including the 400 acres at issue here—to Clearwater. Clearwater would then transfer that land to Burns Ranches. In exchange, Burns Ranches would fund the acquisition of certain private property that the DOI had its eyes on. That land would eventually go to

Clearwater, and Clearwater would in turn transfer it to the DOI.

Unfortunately, this seemingly good idea ended up in at least two lawsuits. After the DOI transferred ownership of the public land to Clearwater, Burns Ranches was unwilling to proceed with the transaction due to some "discrepancies." Clearwater sued in state court and Burns Ranches successfully counterclaimed for a rescission of their agreement. Once the agreement was rescinded, however, Clearwater did not simply turn the 400 acres back over to the DOI. Rather, Clearwater now allegedly claims an ownership interest in that land. The rub for Burns Ranches is that the DOI permitted Burns Ranches to graze cattle on the land, but Clearwater is allegedly not being so generous. This turn of events apparently led to this lawsuit. Burns Ranches sued for a declaration that the DOI must take action under the Exchange Act to recover the property from Clearwater. It has no claims against the Nongovernmental Defendants, but argues they are indispensable parties.

## STANDARD

■ The DOI asserts that this case should be dismissed under Fed.R.Civ.P. 12(b)(1), based on the doctrine of sovereign immunity. "It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) (quoting *United States v. Mitchell,*

445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980)). The party asserting a claim against the United States bears "the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress." *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir.2007). Sovereign immunity is a defense properly raised under Fed.R.Civ.P. 12(b)(1). *Tobar,* 639 F.3d at 1194.[1]

## DISCUSSION

Burns Ranches relies exclusively on 28 U.S.C. § 2201 ("§ 2201"), the first section of the Declaratory Judgment Act, for a waiver of sovereign immunity in this case. That reliance is misplaced.

■ § 2201 provides that "[i]n a case of actual controversy within its jurisdiction, except with respect to [certain federal tax and civil actions] any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The fact that a court may grant declaratory relief against any type of defendant in a case otherwise within the court's jurisdiction does not imply, let alone expressly state, that the United States has waived its immunity for all declaratory relief claims. The language of § 2201 in fact indicates that the statute is "procedural only." *Cal. Shock Trauma Air Rescue v. State Compensation Ins. Fund,* 636 F.3d 538, 543 (9th Cir.2011). Plaintiff has not cited a single case reading

---

1. In addition to sovereign immunity, the DOI argues that plaintiff's claim is barred because the Exchange Act does not create a private cause of action and, even if it does, the suit is barred by the applicable statute of limitations. The Nongovernmental Defendants join in the DOI's arguments and also argue they are not necessary parties, among other things. I find that sovereign immunity is dispositive of this case, and therefore do not discuss these other arguments or the standards that apply to them.

a waiver of sovereign immunity into § 2201 and I agree with the courts that have rejected plaintiff's argument. *E.g., Pine Bar Ranch, LLC v. Acting Reg'l Dir., Bureau of Indian Affairs,* 10–88–RFC, 2011 WL 2268480, at *2 (D.Mont. June 7, 2011); *Grondal v. United States,* 682 F.Supp.2d 1203, 1219 (E.D.Wash.2010); *Western Shoshone Nat. Council v. United States,* 408 F.Supp.2d 1040, 1048 (D.Nev. 2005); *Muirhead v. Mecham,* 427 F.3d 14, 18 n. 1 (1st Cir.2005); *Balistrieri v. United States,* 303 F.2d 617, 619 (7th Cir.1962); *Anderson v. United States,* 229 F.2d 675, 677 (5th Cir.1956); *Stout v. United States,* 229 F.2d 918, 919 (2d Cir.1956).

Burns Ranches argues that the Ninth Circuit's decision in *E.J. Friedman Co. v. United States,* 6 F.3d 1355 (9th Cir.1993) (*"E.J. Friedman"*) indicates § 2201 is a waiver of sovereign immunity.[2] There, the Ninth Circuit rejected an argument that § 2201 constitutes a waiver of sovereign immunity in a case involving Federal taxes. 6 F.3d at 1358–59. The court explained: "While § 2201 *grants jurisdiction* to the district court over cases seeking declaratory relief, a specific exception exists for disputes with respect to Federal taxes. Because the case at bar involves federal taxes, declaratory relief is unavailable, and § 2201 cannot serve as a waiver of sovereign immunity." *Id.* (emphasis added). The implication of that language, according to plaintiff, is that § 2201 is a waiver of sovereign immunity in this case. The argument goes that § 2201 does grant jurisdiction in cases that do not involve taxes, according to *E.J. Friedman,* so it operates as a waiver of sovereign immunity because *E.J. Friedman* implied that a grant of jurisdiction necessarily waives sovereign immunity.

Plaintiff's argument relies on two steps that fail in light of subsequent Ninth Circuit law on § 2201 and sovereign immunity. First, to the extent the Ninth Circuit in *E.J. Friedman* described § 2201 as a "grant" of any jurisdiction, it is no longer good law. *Countrywide Home Loans, Inc. v. Mortg. Guar. Ins. Corp.,* 642 F.3d 849, 852 (9th Cir.2011) (holding that the Ninth Circuit's prior descriptions of § 2201 as a grant of "discretionary jurisdiction" were "imprecise" because a court's jurisdiction is distinct from its remedial powers and § 2201 only affects the latter). § 2201 "in no way modifies the district court's jurisdiction." *Id.; see also Schilling v. Rogers,* 363 U.S. 666, 677, 80 S.Ct. 1288, 4 L.Ed.2d 1478 (1960) (explaining that § 2201 "is not an independent source of federal jurisdiction"). "The operation of the Declaratory Judgment Act is procedural only," which means it should not be considered a grant of jurisdiction, *Cal. Shock Trauma Air Rescue,* 636 F.3d at 543, and cuts sharply against treating it as a waiver sovereign immunity. *See Brownell v. Ketcham Wire & Mfg.,* 211 F.2d 121, 128 (9th Cir.1954) ("[T]he Declaratory Judgment Act ... is not a consent of the United States to be sued, and merely grants an additional remedy in cases where jurisdiction already exists in the court.").

Second, even if § 2201 did grant jurisdiction, it would not necessarily waive sovereign immunity. Absent a waiver of sovereign immunity, a court lacks subject matter jurisdiction over a suit against the United States. *E.g., Dunn & Black P.S.,* 492 F.3d at 1087 (explaining that the doctrine of sovereign immunity "is an important limitation on the subject matter jurisdiction of federal courts") (quoting *Vacek*

**2.** Plaintiff raised this argument in a proposed surreply [23] after briefing on the motion to dismiss otherwise closed. As is evident from this discussion, I have reviewed in detail plaintiff's proposed surreply but find that it does not change the result.

*v. United States Postal Serv.,* 447 F.3d 1248, 1250 (9th Cir.2006)). However, sovereign immunity and subject matter jurisdiction are "distinct" concepts. *United States v. Park Place Assocs., Ltd.,* 563 F.3d 907, 923 (9th Cir.2009) (citing *Arford v. United States,* 934 F.2d 229, 231 (9th Cir.1991)). "A waiver of sovereign immunity means the United States is amenable to suit in a court properly possessing jurisdiction; it does not guarantee a forum." *Id.* "Conversely, the mere existence of a forum does not waive sovereign immunity." *Id.* at 924. "A statute may create subject matter jurisdiction yet not waive sovereign immunity." *Id.; see also Jachetta v. United States,* 653 F.3d 898, 903 (9th Cir.2011) (citing with approval the explanation in *Park Place Associates Ltd.* of the "relationship between sovereign immunity and subject matter jurisdiction"). For this reason, even assuming § 2201 granted jurisdiction (which it does not) it would not be accurate to jump from there to a conclusion that § 2201 necessarily waives sovereign immunity. Any implication in *E.J. Friedman* to the contrary is no longer good law.

## CONCLUSION

Burns Ranches has not met its burden of establishing an unequivocal waiver of sovereign immunity that applies in this case. It has instead relied exclusively on § 2201, which does not work. Accordingly, the DOI's motion to dismiss [9] is GRANTED. Since the claim against the DOI fails, and Burns Ranches has not brought an independent claim against the Nongovernmental Defendants, their motion to dismiss [13] is GRANTED as well.

IT IS SO ORDERED.

## OPINION AND ORDER ON RECONSIDERATION

Burns Ranches, Inc. ("Burns Ranches"), filed a Motion for Reconsideration [28], requesting that I reconsider my Opinion and Order dated November 29, 2011, dismissing this case with prejudice. I deny the motion for the reason explained below.

## BACKGROUND

On November 29, 2011, I dismissed this case with prejudice because Burns Ranches failed to establish a waiver of sovereign immunity for its declaratory judgment claim against the United States Department of the Interior ("DOI"). (Opinion and Order [26] ). The claim arose from a land exchange initiated in 2001, pursuant to the Oregon Land Exchange Act of 2000, Pub.L. No. 106–257, 114 Stat. 650 (2000) ("OLEA"). Burns Ranches alleged that DOI planned to deed approximately 400 acres of public land to a third party intermediary, Clearwater Land Exchange ("Clearwater"), which would then transfer it to Burns Ranches. In return, Burns Ranches would fund DOI's acquisition of other land. Burns Ranches historically held permits to graze on the 400 acres of land it would acquire. DOI transferred title for the 400 acres to Clearwater, but then, due to some "discrepancies," Burns Ranches decided not to proceed with the exchange. Clearwater sued in state court to force Burns Ranches to complete the agreed deal, and Burns Ranches successfully counterclaimed for a rescission of the exchange agreement. After that state suit was resolved in 2008, Clearwater, as the apparent owner of the 400 acres, refused to let Burns Ranches graze on the land. When it became clear to Burns Ranches that the government was not going to reclaim the land and restore its grazing rights, Burns Ranches filed a claim for declaratory relief in federal court. As I explained in my November 29, 2011, opinion, Burns Ranches' claim failed because it relied exclusively on 28

U.S.C. § 2201 to establish a waiver of sovereign immunity.

Now, Burns Ranches seeks reconsideration and leave to amend to rely on the Administrative Procedure Act ("APA") for a waiver of sovereign immunity. The basic claim remains that DOI must reclaim the land Clearwater currently owns. Section 702 of the APA generally waives the United States' sovereign immunity when injunctive relief is sought against an agency, and DOI does not dispute that framing this claim as an APA claim would solve the sovereign immunity problem. However, DOI argues any APA claim would fail for other reasons, and therefore, there is no reason for me to reconsider my previous ruling.

## LEGAL STANDARD

Reconsideration of a judgment is provided by Fed.R.Civ.P. 59(e) and Fed. R.Civ.P. 60(b). *Daul v. PPM Energy, Inc.*, 267 F.R.D. 641, 651 (D.Or.2010). A motion filed within ten days of the dismissal is treated as a motion to alter or amend under Rule 59. *Id.* "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1988). Reconsideration is generally disfavored. *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000).

## DISCUSSION

Burns Ranches neither presents new evidence nor claims an intervening change in the law. Thus, reconsideration is only appropriate if my previous decision was in clear error or manifestly unjust. Burns Ranches does not argue that I incorrectly analyzed the previously presented sovereign immunity issue, so they are left with the claim that my decision was manifestly unjust. Because Burns Ranches' proposed amendments do not form a viable claim, I find that Burns Ranches' claim under the APA would be futile and subject to dismissal. Therefore my previous decision is not manifestly unjust and I deny the motion.

Under the APA, only final agency actions can be reviewed in court. *See* 5 U.S.C. § 704. An agency action is final if: (1) the decision marks the completion "of the agency's decisionmaking process," and (2) is a decision "by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) (quotation omitted). Final agency action "amounts to a definitive statement of the agency's position" or "has a direct and immediate effect on the day-to-day operations" of the concerned party. *Indus. Customers of NW Util. v. Bonneville Power Admin.*, 408 F.3d 638, 646 (9th Cir.2005) (quotation omitted).

Additionally, section 706(1) of the APA provides that a court can compel an agency to act when the agency action is discrete and demanded by the law. 5 U.S.C. § 706(1); *see also Norton v. S. Utah Wilderness Alliance* ("*SUWA*"), 542 U.S. 55, 64, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004). However, section 706(1) applies only when "an agency has ignored a specific legislative command." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir.2010).

Burns Ranches alleges DOI's decision to leave the contested land in Clearwater's possession after the agreement was rescinded by the state court is a re-

viewable final agency action.[1] There are legal consequences and immediate effects on both Clearwater and Burns Ranches because the land was left in Clearwater's possession. Even so, it is not clear that the decision marked the end of DOI's decision making process or was a definitive statement of its position because it is unclear that DOI considered making any decision after the initial land transfer. Here it is unnecessary to determine if DOI's behavior is a final agency action because, regardless of the outcome, Burns Ranches claim fails to satisfy section 706(1).

Burns Ranches amended pleading would rely exclusively on OLEA to satisfy section 706(1). Burns Ranches alleges that OLEA requires DOI to reclaim the contested land because the statute only allows Clearwater to possess the land as part of the agreement rescinded by the state court. This reliance is misplaced. OLEA does not include a "specific legislative command" as to what DOI must do under these conditions, when the land transfer stopped after DOI deeded the land to Clearwater, so there is no action that is being withheld. Burns Ranches' claim also does not include any other statutes that direct the agency to reclaim the 400 acres.

## CONCLUSION

I find that DOI has not withheld any action required by OLEA for the purpose of Burns Ranches' proposed APA claim. As a result, the APA Burns Ranches proposes would fail. Accordingly, my previous decision to dismiss this case with prejudice is not manifestly unjust, and I DENY the Motion for Reconsideration [28].

IT IS SO ORDERED.

---

1. DOI's original conveyance to Clearwater, to begin the land exchange in 2001, is likely final agency action. However, Burns Ranches does not claim I should review that action. Further, if I did review that action, the claim would fail for two reasons. First, the statute of limitations to review that claim has run because it was completed in 2001. *See* 28 U.S.C. § 2401(a) (providing a six-year statute of limitations for claims against the government); *Wind River Min. Corp. v. United States*, 946 F.2d 710, 713 (9th Cir.1991) ("[S]ection 2401(a) applies to actions brought under the APA"). Second, by deeding the land to Clearwater, DOI performed the action required by OLEA.