NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOLLENNE FAMILY TRUST; et al., | No. 15-56296 |
| Plaintiffs-Appellants, | D.C. No. 3:15-cv-00200-BEN-WVG |
| v. | |
| CMG MORTGAGE, INC.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted May 24, 2017**

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Plaintiffs appeal pro se from the district court's judgment dismissing for lack of jurisdiction their action alleging various claims arising from a foreclosure sale. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Gager v. United States*, 149 F.3d 918, 920 (9th Cir. 1998). We affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed plaintiffs' action for lack of subject matter jurisdiction because plaintiffs failed to allege facts sufficient to show that there is a federal claim or that there is complete diversity between the parties. *See* 28 U.S.C. §§ 1331, 1332, 2201; *Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 543 (9th Cir. 2011) ("[T]he operation of the Declaratory Judgment Act is procedural only and does not confer arising under jurisdiction." (citation and internal quotation marks omitted)); *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties–each defendant must be a citizen of a different state from each plaintiff."); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (party asserting federal jurisdiction bears the burden of proving jurisdiction).

Plaintiffs' opposed emergency motion to stay foreclosure proceedings (Docket Entry No. 25) is denied.

**AFFIRMED.**